# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH M. DOUGLAS, | 1:06-cv-01487-AWI-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 8) |
| v. | |
| JAMES E. TILTON, | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 19, 2006 in the United States District Court for the Northern District of California (Doc. 1-2), and transferred to this Court on October 20, 2006 (Doc. 1).[1] Petitioner does not challenge his conviction; rather, he challenges the manner in which his custody credits are being calculated by the California Department of Corrections and Rehabilitation. (Doc. 1, pp. 5 et seq.). On January 24, 2008, Respondent filed the instant motion to dismiss, contending that the petition is untimely under

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The rule is used to assess the timeliness of federal habeas filings under the AEDPA's limitation period, however, the Ninth Circuit has yet to address whether the rule applies to the tolling provision of § 2244(d)(2). The date stamped on the original petition by the Northern District of California is illegible. Accordingly, giving Petitioner the benefit of all possible doubt, the Court will use the date Petitioner signed his petition, i.e., September 19, 2006, as the filing date for purposes of calculating the running of the statute of limitations in this instance.

1

the one-year statute of limitation provided for in 28 U.S.C. § 2244(d)(1).  (Doc. 8).  Petitioner has not filed an opposition to the motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent's motion to dismiss contends the petition was filed outside the one year limitation period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 520 U.S. 320.  The instant petition was filed on September 19, 2006, and thus

is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decisions within the prison. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under 28 U.S.C. § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In the context of a parole board decision or other administrative board action, the factual basis is the administrative body's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day following a petitioner's notification of the administrative body's decision. Id. Where the date Petitioner received notice of the decision of the administrative board's decision is not part of the record,

1  Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date
2  on which a petitioner found out about results of the hearing, thus apparently establishing instead a
3  presumption that an inmate will in fact receive notice on the day the denial is issued, and that date
4  will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."

Shelby, 391 F.3d at 1066.

Here, Respondent has filed exhibits with the motion to dismiss that establish that Petitioner himself has alleged in documents attached to his habeas corpus petition filed on December 6, 2005 in the Sonoma County Superior Court, under penalty of perjury, that his inmate appeal was screened out as ineligible on November 5, 2004. (Ex. 1, at Ex. B, pp. 5-6). Thus, Petitioner would have discovered the "factual predicate" to his federal claim the following day, i.e., on November 6, 2004. Shelby, 391 F.3d at 1066. The AEDPA's one-year limitation period would have commenced the following day, November 7, 2004, and would have expired one year later on November 7, 2005.

As mentioned, the instant petition was not filed until September 19, 2006, ten months after the one-year period would have expired. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, the petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

1    The limitation period is not tolled for the period between finality of an appeal and the filing
2 of an application for post-conviction or other collateral review in state court since no state court
3 application is "pending." Nino, 183 F.3d at 1006-1007.  Nor is there tolling between finality and the
4 filing of a federal petition.  Id. at 1007.  And, as mentioned previously, the one-year period is not
5 tolled during the pendency of a federal petition.  Duncan, 533 U.S. at 181-182.

6    Here, the record before the Court indicates that Petitioner filed his first state habeas petition
7 regarding the claims in the instant petition on December 6, 2005.  (Doc. 8, Exh. 1).   In that situation,
8 Petitioner cannot avail himself of the AEDPA's statutory tolling provisions.  A petitioner is not
9 entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition.
10 Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259
11 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does
12 not permit the reinitiation of the limitations period that has ended before the state petition was
13 filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims
14 raised in state habeas corpus filed after expiration of the one-year limitation period).   Here, as
15 mentioned, the limitation period expired on November 7, 2005, approximately one month *before*
16 Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory
17 tolling provisions of the AEDPA.

18    D.  Equitable Tolling

19    The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a
20 prisoner's control" have made it impossible for the petition to be filed on time.  Roy v. Lampert, 455
21 F. 3d 945, 950 (9th Cir. 2006); Calderon v. United States District Court (Beeler), 128 F. 3d 1283,
22 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court
23 (Kelly), 163 F. 3d 530 (9th Cir. 1998).  "When external forces, rather than a petitioner's lack of
24 diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
25 may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

26    Petitioner has not alleged entitlement to equitable tolling.  Petitioner has not responded to the
27 motion to dismiss. Moreover, the record before the Court reflects no facts that would support a
28 finding of equitable tolling. Because the petition is untimely, and because, further, Petitioner is not

entitled to any type of tolling that would make the petition timely, the motion to dismiss should be granted and the petition should be dismissed.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 8), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2008**                                          /s/ **Theresa A. Goldner**
                                                             UNITED STATES MAGISTRATE JUDGE